```
       IN THE UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF ARKANSAS
                  WESTERN DIVISION
```

CINDY BETH LANKFORD                                          Plaintiff

v.                           4:08CV03005 JMM/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                     Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Cindy Beth Lankford, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal

briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from

---

[1] Plaintiff styles his brief a "Brief in Support of Motion for Summary Judgment." (Docket #8) There is no Motion for Summary Judgment, however. The Court will treat the brief as an appeal brief.

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382(a)(C)(I).

Plaintiff alleged that she was limited in her ability to work by seizures.  (Tr. 31)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff, her husband and a friend testified, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through April 25, 2008, the date of his decision.  (Tr. 16)  On August 8, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.   (Tr. 3-5)   Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 44 years old at the time of the hearing.  (Tr. 285)  She is a high school graduate with additional training as a

---

[2]The Hon. David J. Manley.

certified nurse's aide.  Id.  She has past relevant work as a certified nurse's aide and poultry inspector helper.  (Tr. 12, 76)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id., §§ 404.1520(a)(4); 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant

4

work.  Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12) He found that Plaintiff had "severe" impairments, morbid obesity, sleep apnea and psychogenic seizures. Id. He found she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 14) He judged that Plaintiff's allegations regarding having "spells" was generally credible. (Tr. 13)

The ALJ found that Plaintiff retained the residual functional capacity for a reduced range of activity at all exertional levels; she needed to observe seizure precautions. (Tr. 14, 299) He determined that she was unable to perform her past relevant work. (Tr. 14) The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 15) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform,

notwithstanding her limitations, for example, laundry worker and linen room attendant. (Tr. 15) Thus, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the Commissioner did not meet his burden of proof in this case. (Br. 16) She argues that the ALJ had the responsibility of establishing that she had the residual functional capacity to return to work. (Br. 17) Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

Next, Plaintiff argues that the ALJ's hypothetical question was inadequate because it did not specify the restrictions caused by her seizure disorder, including headache after a seizure. (Br. 18-19) Plaintiff's attorney was present at the administrative hearing. He had the opportunity to request that the ALJ restate the hypothetical question or to cross-examine the vocational expert himself, but did not do so. (Tr. 300) Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings. Weikert v. Sullivan, 977 F.2d 1249, 1254 (8th

Cir. 1992); accord, Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999); White v. Astrue, 2008 WL 565426, at *3 (E.D. Ark.).

Plaintiff argues that the ALJ failed to address the opinion of her treating physician, Harry D. Starnes, M.D. (Br. 20) On several occasions, Dr. Starnes noted that Plaintiff was unable to work. (Tr. 173, 174, 202) It is unclear whether this was Dr. Starnes' opinion that she should not go back to her then current job or merely a report of what Plaintiff was telling him. On at least two occasions, he allowed her to return to work. (Tr. 181, 183) In any event, an opinion that Plaintiff could not work is not a medical opinion, but an opinion on the application of a statute, a task assigned solely to the discretion of the Commissioner. Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002); Flynn v. Chater, 107 F.3d 617, 622 (8th Cir. 1997).

> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of opinions. In addition, they sometimes offer opinions in other work-related terms; for example, about an individual's ability to do past relevant work or any other type of work. Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. Such opinions on these issues must not be disregarded. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance.

Social Security Ruling 96-5p, at 5.

Finally, Plaintiff takes issue with the ALJ's mention of her failure to follow the recommendation to see a psychiatrist. (Br. 20-21) In January, 2006, upon Dr. Starnes' referral, Plaintiff was

evaluated by Naim Haddad, M.D., Assistant Professor, Department of Neurology, University of Arkansas for Medical Sciences. (Tr. 154-55) She told him that her current spells consisted of "going to sleep," typically less than one minute, and then waking up "fine." (Tr. 154) Her spells were much less frequent lately. Id. She was taking no medicine. Id. He thought the spells were "most likely 'psychogenic' in nature," perhaps triggered by anxiety. (Tr. 155) He suggested, if the spells continued, referral for counseling/psychiatric consultation. Id. Dr. Starnes also wanted to refer her for evaluation as recommended by Dr. Haddad. (Tr. 174) Plaintiff told a nurse that she could not find a psychiatrist who would see her because she was over 18.[3] (Tr. 172) Under these circumstances, it was not inappropriate for the ALJ to mention the fact that she had not followed up on that recommendation. A failure to follow prescribed treatment weighs against a claimant's credibility. E.g., Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007); Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004); O'Donnell v. Barnhart, 318 F.3d 811, 819 (8th Cir. 2003); Gray v. Apfel, 192 F.3d 799, 801 (8th Cir. 1999).

Also noteworthy was the fact that she was taking no medication. (Tr. 283) At the time of the hearing, she had seen Dr. Starnes only

---

[3]There is no explanation of why her inability to find a psychiatrist would necessarily keep her from receiving other evaluation or counseling.

8

once in the previous year and one-half, and that visit was for the purpose of obtaining a letter for her attorney.  (Tr. 172, 263)

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this    10    day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE